*ABAT* vs. *TOURNILLON.*

The names of subsequent endorsers need not be set out in an action against the maker.

APPEAL from the court of the second district.

PORTER, J. delivered the opinion of the court. This is an action by the endorsee of a promissory note against the maker. There was judgment of nonsuit against the plaintiff in the court below, and he appealed.

That judgment has been sustained in this court on the following grounds.

1st. The note produced in evidence was not that which was protested, as evidenced by the endorsement in which there is a fatal discrepancy.

2d. The note is made payable at a place other than the domicil of the maker, and no demand of payment is proven at that place.

I. The note which was given in evidence

was that protested. There is no variance be- Eastern Dist. *April,* 1828,

ABAT
*vs.*
TOURNIL-
LON.

tween that set out in the petition, and that annexed to the protest, except in there being several endorsers on it at the time it was dishonoured, which do not appear on the note when it was read on the trial. But this circumstance is easily accounted for by the practice of parties erasing their names from a bill as they take it up. And if the objection here made was correct, the consequence would be, that no protest could be read in evidence where such a right had been exercised. The name of the endorsers make no part of the bill unless they are necessary to trace a title to it in the plaintiff. Those which are subsequent to him need not be set out.

The protest shews that demand was made at the place at which the note was made payable, and we cannot see on what ground the protest can be considered as evidence of demand of payment, and not evidence of that demand being made at the place set forth in the instrument.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is fur-

ABAT  
*vs.*  
TOURNIL-  
LON.

ther ordered, adjudged and decreed, that the plaintiff do recover of the defendant the sum of two thousand seven hundred and fourteen dollars sixty-six cents, with interest at five per cent. from the 13th December, 1824, until paid, with costs in both courts.

*Porter* for the plaintiff.